OPINION
{¶ 1} Plaintiff, Duane T. Holm, appeals from an order denying his motion for partial summary judgment and dismissing his action against Defendants Jacob Berner d.b.a. Berner's Auction Gallery ("Berner's") and Jeffery Moates, an employee of Berner's. *Page 2 
 {¶ 2} Holm is an attorney licensed to practice law in Ohio and Florida. In the summer of 2004, Holm's parents died. He was the executor of his father's estate and decided to sell some of the items he inherited from his father, which included collectibles, furniture, and other personal property. In November of 2004, Holm visited Berner's place of business and spoke with Moates about selling some of the personal property that he had inherited from his father. Subsequently, Moates visited Holm's residence in order to take a look at the personal property.
 {¶ 3} Holm and Moates negotiated prices for the individual pieces of personal property, and Holm sold a number of items to Berner's in exchange for cash and two checks in the amounts of $1,021.00 and $440.00. Holm was aware that Berner's would attempt to resell these items, and subsequently discovered that Berner's had resold a number of these items for a substantially higher value than Berner's paid to Holm. Consequently, Holm believed that Moates intentionally undervalued the personal property during their negotiations.
 {¶ 4} On January 6, 2005, Holm commenced an action against Berner's and Moates, alleging violations of the Consumer Sales Practices Act ("CSPA"), R.C. 1345.01, et seq., including the home solicitation provisions (R.C. 1345.21 to 1345.28). Holm. *Page 3 
and the Defendants filed respective motions for summary judgment. On December 5, 2006, the trial court overruled Holm's motion for partial summary judgment and sustained Defendants' motion for summary judgment. The trial court found that, in the transactions about which Holm complains, Berner's was not a "supplier" to which the CSPA applies. Holm filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE COURT ERRED BY CONCLUDING THAT ALLEGATIONS OF THE PLEADINGS DO NOT STATE A CLAIM AGAINST DEFENDANTS AS `SELLERS' OF `GOODS' UNDER THE UCC. THE DEFENDANTS ARE SELLERS OF THE BUSINESS CHECKS TRANSFERRED TO PLAINTIFF, WHO TAKES THE CHECKS AS A PURCHASER FOR A PRICE."
 {¶ 6} "Appellate review of a decision by a trial court granting summary judgment is de novo." Cox v. Kettering Medical Center, Montgomery App. No. 20614, 2005-Ohio-5003, _35.
 {¶ 7} Though Holm makes reference to the Uniform Commercial Code ("UCC"), which is codified at R.C. Chapter 1301, in his assignment of error, the complaint he filed and the error he assigns invokes Ohio's Consumer Sales Practices Act ("CSPA"), R.C. Chapter 1345.
 {¶ 8} "Seller" is defined as "a person who sells or *Page 4 
contracts to sell goods." R.C. 1302.01(A)(4). "Buyer" is defined as "a person who buys or contracts to buy goods." R.C. 1302.01(A)(1). "A `sale' consists in the passing of title from the seller to the buyer for a price." R.C. 1302.01(A)(11). "`Goods' means all things . . . which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities, and things in action." R.C. 1302.01(A)(8). Holm conceded at oral argument that the transaction with Berner's involved a sale of goods rather than services.
 {¶ 9} Holm sold personal property to Berner's in exchange for cash and two checks. Therefore, Holm was the seller and Berner's was the buyer. But, according to Holm, he was the buyer because he "bought" the checks and cash Berner's paid him in exchange for his personal property. This argument defies common sense. To adopt the argument would render meaningless the definitions of "buyer" and "seller" in any transaction involving payment by check. Also, R.C. 1302.01(A)(8) specifically excludes "money in which the price is to be paid" from the definition of "goods." Therefore, Holm cannot establish that the checks he received from Holm were "goods." *Page 5 
 {¶ 10} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 11} "THE COURT ERRED BY CONCLUDING THAT ALLEGATIONS OF THE PLEADINGS DO NOT STATE A CLAIM AGAINST DEFENDANTS AS `SUPPLIERS' WITHIN A `CONSUMER TRANSACTION' UNDER THE CSPA."
 {¶ 12} The trial court held that the transaction between Holm and Berner's did not fall within the coverage of the CSPA because Holm failed to establish that there was a "consumer transaction" and that Berner's was a supplier. We agree.
 {¶ 13} The CSPA provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction," and "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction." R.C. 1345.02(A), 1345.03(A). "`Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(A). "`Supplier' means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." R.C. 1345.01(C). *Page 6 
 {¶ 14} Holm conceded at his deposition that the transaction with Berner's was a sale of his personal property and that Holm was compensated for the items he sold. Further, Holm testified that he understood that the items would be resold by Berner's. Therefore, Holm was the seller, not the buyer, and the sale of the goods by Holm to Berner's was not for purposes that were primarily personal, family, or household. Rather, Berner's, the buyer, purchased the goods for resale. Upon this record, Holm cannot establish a violation of the CSPA.
 {¶ 15} Holm's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 16} "THE COURT ERRED BY CONCLUDING THAT ALLEGATIONS OF THE PLEADINGS DO NOT STATE A CLAIM AGAINST DEFENDANTS FOR ENGAGING IN A `PERSONAL SOLICITATION OF A SALE [OF CONSUMER GOODS] AT A RESIDENCE OF THE BUYER' UNDER THE HOME SOLICITATION SALE ACT."
FOURTH ASSIGNMENT OF ERROR
 {¶ 17} "FINDINGS OF THE COURT IN THE ENTRY SHOW NO GENUINE ISSUE THAT THE DEFENDANTS SOLD BUSINESS CHECKS TO PLAINTIFF AFTER BEING INVITED TO THE RESIDENCE FOR ANOTHER PURPOSE OF APPRAISAL."
FIFTH ASSIGNMENT OF ERROR
 {¶ 18} "FINDINGS OF THE COURT IN THE ENTRY SHOW NO GENUINE *Page 7 
ISSUE THAT AT THE MOMENT PLAINTIFF ACCEPTED SALE OF DEFENDANTS' BUSINESS CHECKS THAT THE CHECKS WERE CONSUMER GOODS WHOSE ACCEPTANCE WAS SOLICITED AT THE RESIDENCE OF PLAINTIFF AWAY FROM DEFENDANTS' PLACE OF BUSINESS."
SIXTH ASSIGNMENT OF ERROR
 {¶ 19} "THE PLEADINGS ESTABLISH NO GENUINE ISSUE THAT PLAINTIFF'S DECISION TO CANCEL THE HOME SOLICITATION WITH NOTICE WAS NOT FRAUDULENTLY PRECONCEIVED BEFORE OR AT PLAINTIFF'S AGREEMENT OR OFFER TO PURCHASE THE DEFENDANTS' SOLICITED SALE OF BUSINESS CHECKS."
SEVENTH ASSIGNMENT OF ERROR
 {¶ 20} "FINDINGS OF THE COURT IN THE ENTRY SHOW NO GENUINE ISSUE THAT A HOME SOLICITATION SALE TO PLAINTIFF MUST BE PRESUMED IN THE ABSENCE OF REBUTTING CIRCUMSTANCES."
 {¶ 21} Holm's final five assignments of error relate to the home solicitation sale provisions (R.C. 1345.21, et seq.) of the CSPA, and will be addressed together.
 {¶ 22} Pursuant to R.C. 1345.28, failure to comply with R.C. 1342.21 to 1345.27 constitutes a deceptive act or practice in connection with a consumer transaction in violation of R.C. 1345.02. R.C. 1342.21 to1345.27 apply to home solicitation sales. "`Home solicitation sale' means a sale of consumer goods or services in which the seller or a *Page 8 
person acting for the seller engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business." R.C.1345.21(A).
 {¶ 23} "`Seller' includes a lessor or anyone offering goods for rent." R.C. 1345.21(C). "`Buyer' includes a lessee or anyone who gives a consideration for the privilege of using goods." R.C. 1345.21(D).
 {¶ 24} Holm's complaint fails to state a claim under the home solicitation sale provisions. Holm was the seller of the goods that Berner's purchased. The home solicitation provisions are designed to protect a buyer. Therefore, as the seller, Holm is not entitled to any relief under the home solicitation sale provisions. Holm cannot escape this reality through the use of semantics. Even if Holm were able to establish that he was the "buyer" for purposes of the home solicitation sale provisions, the transactions arguably would be excluded from the definition of "home solicitation sale" pursuant to R.C. 1345.21(A)(3) or (4). *Page 9 
 {¶ 25} Holm's third, fourth, fifth, sixth, and seventh assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and WALTERS, V.J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1